# EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

DIANE L. HOUK

EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
MARISSA BENAVIDES
NICK BOURLAND
ANDREW K. JONDAHL
ANANDA BURRA
MAX SELVER

**MEMO ENDORSED**

June 10, 2020

*Via ECF*
Hon. Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*Re: Camacho, et al. v. City of New York, et al.*, 19-cv-11096

Dear Judge Cote:

We represent Plaintiffs in this matter. We write to request permission to file under seal Exhibits B-D to the Declaration of David Berman is support of Plaintiffs' opposition to Defendants' motion to strike Plaintiffs' class allegations.

Exhibit B contains a spreadsheet of all arrests of visitors to New York City correctional facilities from 2018-2020 for possession of synthetic cannabinoids ("K2"). Columns reflecting the arrestee's name, state id number, arrest number, the inmate to be visited, and the "SRG status at time of arrest of visitor" are redacted. The following columns are not redacted: the date of the arrest, the facility where the arrest occurred, the gender of the arrestee, the charges filed at the time of the arrest, the charges filed by the DA, the arresting officer's name, the NYPD property invoice tracking system number, and the criminal disposition of the charges. Plaintiffs do not possess these documents in unredacted form, and attach them exactly as produced by Defendants.

Exhibit C is an email, dated June 9, 2020, from Defendants' counsel to Plaintiffs' counsel providing additional information regarding certain arrests marked as "sealed" in Exhibit B.

Exhibit D are the lab test results for the arrestees listed in Exhibit B. The arrestees' names are redacted, but other information from the report, including the date, the arrestees' age, and the results of the lab tests are not redacted. Plaintiffs do not possess these documents in unredacted form, and attach them exactly as produced by Defendants.

All of these documents were produced in their attached form by Defendants on May 18, 2020. At the time of production, Defendants stated "We consider documents bearing bates nos. D1-D5 and D223-D402 to be confidential, pending the entry of a confidentiality agreement in

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

this case, as such documents all concern non-parties' arrests.  Please confirm that you will give these documents confidential treatment, including only filing them over ECF under seal." Plaintiffs agreed to this request and, in accordance with their agreement, seek to file these documents under seal.

Because these documents were designated as confidential by Defendants, Plaintiffs asked Defendants for their position in connection with this motion.  Defendants' position is below:

"Defendants believe that both sides should share the interest of keeping arrest information of non-party arrestees, including laboratory testing results, that was previously ordered by the Court to be produced to plaintiffs' counsel, confidential, and should be filed under seal in connection with opposition to the instant order to show cause.  A number of the non-party arrests are sealed, and information relating to the sealed arrests are intertwined with the non-sealed arrests on the charts referenced by plaintiffs.  As to the sealed arrests, the information is protected by N.Y. C.P.L. 160.50 and sealing is justified to lessen "the adverse consequences….of an unsuccessful prosecution[s]."  Berry v. Newton, 06 CV 4086, 2008 WL 2876553 (S.D.N.Y. July 9, 2008).  Further, to the best of defendants' understanding, none of the non-party arrestees have consented to their arrest information being publicly filed."

Plaintiffs share Defendants' interest in keeping the information of non-party arrestees confidential and fully join Defendants' request to the extent that any of the unredacted information provided to Plaintiffs would be protected by N.Y. C.P.L. 160.50 or intertwined with information protected by N.Y. C.P.L. 160.50.  Even to the extent  N.Y. C.P.L. 160.50 would not be violated, Plaintiffs agree that the privacy interests of third parties should be fully protected and have no objection to these documents being filed under seal in their entirety in furtherance of that interest.

```
The request to file under seal Exhibits B,
C, and D to the Declaration of David Berman
is granted.  6.15.2020.


    _____
            DENISE COTE
    United States District Judge
```

Respectfully Submitted,
　　　　/s/
Matthew D. Brinckerhoff
Earl S. Ward
David Berman

Julia P. Kuan
ROMANO & KUAN, PLLC
600 Fifth Avenue, 10th Floor
New York, NY 10020

cc. All Counsel of Record