```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
KATHY CAMACHO; JUSTINE RODRIGUEZ;        :
DERICK MASON; NICOLE FLUDD; CYNTHIA      :
NEAT; and DAQUANA MCCALL, on Behalf of   :   19cv11096 (DLC)
Themselves and All Others Similarly      :
Situated,                                :   OPINION AND ORDER
                                         :
                         Plaintiffs,     :
                                         :
              -v-                        :
                                         :
CITY OF NEW YORK; PAUL SMITH,            :
Correction Officer, in his individual    :
capacity; ASHLEY REED, Correction        :
Officer, in her individual capacity;     :
SCOTT AMBROSE, Correction Officer, in    :
his individual capacity; CECIL           :
PHILLIPS, Correction Officer, in his     :
individual capacity; EPIFANO VASQUEZ,    :
Correction Officer, in his individual    :
capacity; CHRISTINA BREWLEY,             :
Correction Officer, in her individual    :
capacity; DONNYA SPRY Correction         :
Officer, in her individual capacity;     :
JOSEPH COSCIO, Correction Officer, in    :
his individual capacity; DEBRA GOLUB,    :
Correction Officer, in her individual    :
capacity; JEFFREY RIOS, Correction       :
Officer, in his individual capacity;     :
STEVEN DEJESUS, Correction Officer, in   :
his individual capacity; L. BROWN,       :
Correction Officer, Shield # 6018, in    :
his individual capacity; and JOHN/JANE   :
DOES 1-30, Correction Officers, in       :
their individual capacities,             :
                                         :
                         Defendants.     :
                                         :
---------------------------------------- X
```

APPEARANCES

For plaintiffs:
Matthew D. Brinckerhoff

Earl S. Ward
David B. Berman
Emery Celli Brinckerhoff & Abady LLP
600 Fifth Avenue, 10th Fl.
New York, NY 10020
(212) 763-5000

Julia P. Kuan
Romano & Kuan, PLLC
600 Fifth Avenue, 10th Fl.
New York, NY 10020
(212) 274-0777

For defendants:
Mark David Zuckerman
New York City Law Department, Office of the Corporation Counsel
100 Church Street
New York, NY 10007
(212) 356-3519

DENISE COTE, District Judge:

This putative class action was filed on December 3, 2019. The Amended Complaint of February 18, 2020 alleges federal and state law false arrest and malicious prosecution claims against defendants City of New York (the "City") and twelve correction officers. Following the exchange of targeted discovery, the defendants have moved to strike the class allegations of the Amended Complaint. In opposition, the plaintiffs seek leave to amend the Amended Complaint to expand their definition of the class. For the reasons that follow, the defendants' motion to strike the class allegations is granted.

**Background**

The Amended Complaint alleges that in the fifteen months between September 2018 and December 2019, each of the six named plaintiffs was unlawfully arrested while visiting a friend or relative at Rikers Island based on the belief that water-damaged reading materials that the plaintiffs had brought with them to the facility contained liquid synthetic marijuana ("K2"). The Amended Complaint accused the defendants of having "embarked on a campaign of arresting visitors who bring books to Rikers Island."

Following the arrests of each plaintiff, the charges against them were dismissed. Despite those dismissals, the plaintiffs were prohibited from visiting all New York City correctional facilities for periods of six months, and, in one case, for a period of one year.

Plaintiffs filed this putative class action on December 3, 2019. At an initial pretrial conference ("IPTC") held on January 31, 2020, counsel for the plaintiffs explained that the books that the plaintiffs had brought with them to Rikers Island were novels, a book of crossword puzzles, and a Quran. Plaintiff's counsel in a related case explained that his client, who had brought water-damaged magazines to Rikers Island, was arrested after a preliminary lab test indicated that the magazines contained K2. Defense counsel explained that the

3

books that the plaintiffs in both cases had brought with them to Rikers Island had a certain texture or had liquid on them. Based on that observation, a field test was conducted on that portion of the book. When the field test came back positive for K2, the plaintiffs were arrested. The charges against the plaintiffs were dropped, counsel for the City explained, when the tests on the reading materials conducted by the New York City Police Department ("NYPD") laboratory did not return positive results.

At the IPTC, in the course of discussing the discovery that plaintiffs would need to litigate this case, plaintiffs' counsel represented that "today is the first [day]" that he had heard about field tests on his clients' books, although he had heard of such tests in other cases. The Court requested that the City identify the field test and how frequently positive results from the field test were confirmed by the test administered by the NYPD. The next pretrial conference was scheduled for February 28.

On February 18, plaintiffs filed the Amended Complaint, which joined a sixth named plaintiff. As noted above, the Amended Complaint accuses the defendants of having embarked on a campaign to arrest visitors who bring books to Rikers Island.

In a February 21 letter, counsel for the City identified the field test as the Nark II Synthetic Cannabinoid Reagent

4

manufactured by Sirchie (the "Nark II field test"). The letter also stated that the Department of Corrections ("DOC") reported that it had made no arrests for liquid K2 in 2017, four arrests for liquid K2 in 2018, and nineteen arrests for liquid K2 in 2019. These arrests included the arrests of the six plaintiffs named in the current action, as well as one individual who has settled with the City and the plaintiff in the related case.

At the February 28 conference, the Court observed that it was unlikely that this case would move forward as a class action if approximately twenty individuals had been arrested through the use of the Nark II field test, given the presumption of numerosity when 40 individuals will be represented through a class action. At the conference, defense counsel represented that the seized materials at issue in this case had been retained by the City. The Court proposed and the parties agreed to targeted discovery, to include both document production and some depositions, to be followed by settlement discussions. The Court also inquired whether the plaintiffs intended to further amend the complaint. Counsel for the plaintiffs responded that if they did so, it would only be to add additional defendants.

A Scheduling Order of February 28 set March 13, 2020 as the deadline for joinder of parties and amendment of pleadings. The Scheduling Order also provided that the plaintiffs would serve upon the defendants a written demand requesting records

5

regarding the number and dates of arrests made using the Nark II field test, and required the City to respond to this request by March 20.

On March 3, the City clarified to plaintiffs that the Nark II field test was used to test for the presence of solid K2 in addition to liquid K2. Counsel for the City indicated that the City would produce information related to arrests for both liquid and solid K2 at all DOC facilities in New York City. The March 13 deadline for amendment of pleadings and joinder passed without further amendment of the pleadings.

On March 16, in light of the COVID-19 pandemic, the City, with the plaintiffs' consent, requested a 30-day extension of all deadlines in this action. This request was granted. On April 7, the City, again with the plaintiffs' consent, requested an additional 30-day extension on account of the ongoing pandemic. This request was granted as well.

On May 18, the City produced records reflecting all visitor arrests for possession of both liquid and solid K2 at the City's DOC facilities from 2017 through the present. The City also provided a written statement reiterating that it could be "presumed" that all arrests were "arrests for which field tests were performed by the DOC and which were positive." As reflected by the City's records, for liquid K2 arrests, sixteen cases, including the plaintiffs', ended in dismissal, one case

6

is still open, and three cases ended in convictions.  For solid K2 arrests, thirteen cases ended in dismissal, eleven cases are still open, and thirty-seven cases ended in convictions.

On June 3, the City requested that the class allegations of the Amended Complaint be dismissed.  On June 4, the plaintiffs opposed the City's request, stating that those "similarly situated" to the named plaintiffs included DOC visitors whose charges in connection with solid K2 had been dismissed.  An Order of June 5 gave the plaintiffs until June 12 to show cause why their class allegations should not be stricken.  On June 12, plaintiffs opposed the striking of their class allegations.  The plaintiffs also stated that although they believe that it would be more "efficient to amend or supplement the [Amended] Complaint to conform to discovery at the class certification stage," they sought leave to amend the Amended Complaint now if "the Court believes the [Amended] Complaint ought to be supplemented or amended now to reflect the class they will ultimately move to certify."  The final submission on these issues was received on June 19.

## Discussion

I.  Amendment of Pleadings

Rule 16, Fed. R. Civ. P., governs the amendment of pleadings after a scheduling order has been issued.  It states, "[a] schedule may be modified only for good cause and

7

with the judge's consent."  Fed. R. Civ. P. 16(b).  Rule 16 "is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed."  Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) (citation omitted).  "[A] district court . . . does not abuse its discretion in denying leave to amend the pleadings where the moving party has failed to establish good cause, as required by Rule 16(b), to amend the pleadings after the deadline set in the scheduling order."  Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 243 (2d Cir. 2007).  "Whether good cause exists turns on the diligence of the moving party."  BPP Ill., LLC v. Royal Bank of Scot. Grp., 859 F.3d 188, 195 (2d Cir. 2017) (citation omitted).

According to the Amended Complaint, each of the named plaintiffs was arrested for their possession of books purportedly containing liquid K2.  It describes the books, at least in some instances, as being wet or stained.  It also defines the class of persons to be covered by this lawsuit as those arrested for carrying K2 on the pages of books or other paper.  To the extent the plaintiffs request leave to amend the Amended Complaint to expand the class to include DOC visitors arrested for possession of solid K2, that request is denied.  Such an amendment would transform this case.  It would no longer

8

be a case focused on an alleged campaign against visitors who bring books to Rikers Island.

The plaintiffs acknowledge that the class is defined as persons who "(a) were falsely arrested at Rikers Island for allegedly carrying K2 into the prison on the pages of books or other paper materials; and (b) had all criminal charges against them dismissed."  But, they argue, it was not until the City's May 18 production of the arrest records for possession of liquid and solid K2 that they had the information necessary to request leave to amend.  This argument does not acknowledge the material alteration in the nature of the litigation that their proposed amendment would accomplish.  It also does not fully capture the procedural history of this litigation.  While the May 18 production gave the plaintiffs reliable information about the number of arrests, the plaintiffs already knew in early March that the same field test was used by DOC to identify both solid and liquid K2.

  II.  Motion to Strike Class Allegations

The defendants have moved to strike the class allegations from the Amended Complaint pursuant to Rule 12(f), Fed. R. Civ. P.  Under Rule 12(f), courts "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12.

While class allegations are not typically stricken before the filing of a class certification motion, in this case it is appropriate to do so now.  Rule 23(c)(1)(A) requires a court to "determine by order whether to certify the action as a class action" at "an early practicable time after a person sues or is sued as a class representative."  Fed. R. Civ. P. 23(c)(1)(A).  The issue of numerosity was an obvious issue of concern from the time of the initial conference in this case.  It is prudent to address the issue as soon as that can be done with confidence.  Resolving whether the case will proceed as a class action or a joinder action will impact the course and scope of discovery, the motion schedule, and the likelihood of resolution through settlement.

For this reason, the Court ordered the City to provide the plaintiffs with early discovery on the facts related to numerosity.  The record is already clear that the plaintiffs will not be able to demonstrate that more than sixteen individuals would meet the definition of the class as alleged in the Amended Complaint.  The plaintiffs do not argue that further factual development on this question may lead to the inclusion of more class members.[1]  The plaintiffs also do not contend that

---

[1] The plaintiffs do argue that they should be permitted to probe the record with respect to the reliability of the documents that the City produced to demonstrate the arrests for both solid K2 and liquid K2.  They do not, however, contend that such probing

10

they will be able to meet the numerosity requirement of Rule 23 based on this record. Nor could they. As the plaintiffs acknowledge, numerosity is "unlikely to be satisfied when the class comprises 21 or fewer" individuals, and classes typically are comprised of 40 or more members. Novella v. Westchester County, 661 F.3d 128, 144 (2d Cir. 2011) (citation omitted).

Recognizing as much, the plaintiffs oppose the striking of their class allegations solely on the ground that there is some possibility that they could satisfy the numerosity requirement if they are permitted to amend their pleadings to expand the class definition to include any DOC visitor whose charges in connection with an arrest for solid K2 have been dropped. But the plaintiffs have been denied leave to amend the Amended Complaint for this purpose. The class allegations in the Amended Complaint, therefore, must be stricken.

## Conclusion

The defendants' June 19 request to strike the class allegations in the Amended Complaint is granted. To the extent

---

could result in the inclusion of more individuals in this class. In any event, as only one case remains open for a liquid K2 arrest, further discovery on this topic would not lead to the identification of additional class members.

the plaintiffs have sought leave to amend the Amended Complaint in their June 12 submission, that request is denied.

Dated:    New York, New York
          July 16, 2020

                                    _____
                                         DENISE COTE
                                    United States District Judge

12