```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
KATHY CAMACHO; JUSTINE RODRIGUEZ;        :
DERICK MASON; NICOLE FLUDD; CYNTHIA      :
NEAT; and DAQUANA MCCALL, on Behalf of   :   19cv11096 (DLC)
Themselves and All Others Similarly      :
Situated,                                :        ORDER
                                         :
                         Plaintiffs,     :
                                         :
              -v-                        :
                                         :
CITY OF NEW YORK; PAUL SMITH,            :
Correction Officer, in his individual    :
capacity; ASHLEY REED, Correction        :
Officer, in her individual capacity;     :
SCOTT AMBROSE, Correction Officer, in    :
his individual capacity; CECIL           :
PHILLIPS, Correction Officer, in his     :
individual capacity; EPIFANO VASQUEZ,    :
Correction Officer, in his individual    :
capacity; CHRISTINA BREWLEY,             :
Correction Officer, in her individual    :
capacity; DONNYA SPRY Correction         :
Officer, in her individual capacity;     :
JOSEPH COSCIO, Correction Officer, in    :
his individual capacity; DEBRA GOLUB,    :
Correction Officer, in her individual    :
capacity; JEFFREY RIOS, Correction       :
Officer, in his individual capacity;     :
STEVEN DEJESUS, Correction Officer, in   :
his individual capacity; L. BROWN,       :
Correction Officer, Shield # 6018, in    :
his individual capacity; and JOHN/JANE   :
DOES 1-30, Correction Officers, in       :
their individual capacities,             :
                                         :
                         Defendants.     :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On June 9, 2020, defendants City of New York (the "City") and twelve correction officers moved to dismiss plaintiffs Kathy Camacho and Daquana McCall's claims for injunctive relief, pursuant to Rule 12(b)(1), Fed. R. Civ. P.  Camacho and McCall are the only two of the six plaintiffs in this action who seek an injunction against the defendants.

The defendants argue that Camacho and McCall lack standing to pursue their claims for injunctive relief, which, as stated in the Amended Complaint, would prohibit the defendants from:

a. Continuing their pattern, practice, policy or custom of falsely arresting persons at New York City correctional facilities, including Rikers Island, for no cause other than carrying a book into a New York City correctional facility; and

b. Continuing their pattern, practice, policy, or custom of banning persons from visiting New York City correctional facilities based on false arrests for promoting prison contraband, possession of a controlled substance, and other related charges and for which all charges have been dismissed.

The factual allegations underlying the requested relief are the following:  Camacho and McCall were both previously banned from visiting City correctional facilities for periods of one year and six months, respectively, after they were arrested while visiting Rikers Island, on the suspicion that reading materials that they brought with them to the facility contained liquid synthetic marijuana ("K2").  Even after the charges

against both plaintiffs had been dropped, the bans on visiting City correctional facilities remained in effect.

There are several reasons to grant dismissal of these claims for injunctive relief. First, these bans are no longer in effect as to either plaintiff. Visiting privileges have been restored as to McCall, and the ban expired prior to the start of this litigation as to Camacho. Moreover, the Rikers Island inmate whom McCall was visiting is no longer in custody, and Camacho reports that she still visits Rikers Island, albeit only bringing with her reading materials in "original merchant packaging."

The requested relief also ignores the discovery and motions practice that constitutes the record in this case. The record reflects that the defendants arrested Rikers Island visitors -- including Camacho, McCall, and the four other plaintiffs in this action -- for carrying reading materials into the facility when a field test administered on site returned positive results for liquid K2. The relief requested here is premised on the allegation that the defendants had a policy of indiscriminately arresting any individual who brought a book or magazine to Rikers Island. It is clear from the record that no such policy existed. Additionally, the City has reported that individuals are no longer arrested when a field test returns positive results for liquid K2, and has assured this Court that it will

provide two weeks' notice if the suspension of this policy is lifted.

Accordingly, it is hereby

ORDERED that the defendants' June 9 motion to dismiss the claims for injunctive relief is granted.

Dated:  New York, New York
        July 21, 2020

                                     _____
                                    DENISE COTE
                                    United States District Judge

4